PD-0480-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 3:39:43 PM
Accepted 7/28/2015 3:54:42 PM
ABEL ACOSTA
CLERK

NO. PD 480-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

JOSHUA LONDON,
*Appellant*

**v.**

THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review from the First Court of Appeals in
No 01-13-00441-CR
Cause Number 1367861
from the 230th District Court of Harris County, Texas

**BRIEF FOR APPELLANT**

**Oral Argument Was Not Granted**

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**JANI MASELLI WOOD**
Assistant Public Defender
Harris County, Texas
TBN. 00791195
1201 Franklin Street, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278

**Counsel for Appellant**
**Joshua London**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:

Joshua London
TDCJ# 01856820
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

PRESIDING JUDGE:

Hon. Brad Hart, Presiding Judge
Hon. Jim Anderson, Visiting Judge
230th District Court
Harris County, Texas
1201 Franklin, 16th floor
Houston, Texas 77002

TRIAL PROSECUTOR:
APPELLATE PROSECUTOR:

Mr. Chris Morton
Mr. Eric Kugler
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:

Mr. Charles A. Brown, Jr.
708 Main Street, Suite 7
Houston, Texas 77002

DEFENSE COUNSEL ON APPEAL:

Jani Maselli Wood
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

> The Court of Appeals determined that the constitutional challenge to the Sheriff's fees could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. London until 19 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

> The Court of Appeals held error was waived. . . . . . . . . . . . . . . . . . . . . . 8
> The error was preserved based upon precedent from this Court. . . . . . . . . . . 9
> No objection was necessary in the trial court. . . . . . . . . . . . . . . . . . . . . 9
> The Courts of Appeals application of *Landers*. . . . . . . . . . . . . . . . . . . . 10
> Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

**Cases**:

*Cardenas v. State*,
    423 S.W.3d 396 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. State*,
    423 S.W.3d 385 (Tex. Crim. App. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Landers v. State*,
    402 S.W.3d 252 (Tex. Crim. App. 2013).. . . . . . . . . . . . . . . . . . . . . . . . . . passim

*London v. State*,
    01-13-00441-CR, 2015 WL 1778583
    (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, pet. granted). . . . . . . . . . . . . 6, 9

*Ramirez v. State*,
    410 S.W.3d 359 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). . . . . . . . . . . 8

*Rylander v. Caldwell*,
    23 S.W.3d 132 (Tex. App.– Austin 2000, no pet.) . . . . . . . . . . . . . . . . . . . . . . . 11

*Sturdivant* v. State,
    445 S.W.3d 435 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). . . . . . . 10, 11

**Statutes and Rules:**

TEX. CODE CRIM. PROC. ART. 102.011(A)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEXAS CODE OF CRIMINAL PROCEDURE 103.001 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEXAS RULE OF APPELLATE PROCEDURE 33.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STATEMENT OF THE CASE

This is an appeal from a conviction for possession of cocaine 1-4 grams. (C.R. at 77). Mr. London pleaded guilty without an agreed recommendation. (C.R. at 66). The judgment reflects he pleaded true to two enhancement paragraphs. (C.R. at 77). The court reporter was waived for the plea as well as for the sentencing. (C.R. at 106). The trial court sentenced Mr. London to 25 years imprisonment. (C.R. at 77). The trial court did not originally certify Mr. London's right to appeal. (C.R. at 94). Mr. London timely filed a notice of appeal. (C.R. at 81). After the case was abated, the trial court provided a new certification giving Mr. London permission to appeal. (Supp. C.R. at 5).

In an unpublished opinion, the First Court of Appeals affirmed Mr. London's conviction. *London v. State*, 01-13-00441-CR, 2015 WL 1778583 (Tex. App.—Houston [1st Dist.] Apr. 16, 2015, no. pet. h.). No motion for rehearing was filed. This petition was filed on May 1, 2015. The petition was granted on June 24, 2015. After an extension of time, this brief is timely if filed before August 7, 2015.

APPELLANT'S GRANTED ISSUE:

The Court of Appeals determined that the constitutional challenge to the Sheriff's fees could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. London until 19 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*?

-6-

STATEMENT OF FACTS

Mr. London was ordered to pay court costs totaling $329 including a $35 "Summoning Witness/Mileage" cost. (C.R. at 80). The cost bill was prepared nineteen days after the judgment was filed. (C.R. at 77-80). There is no record this cost bill was ever sent to Mr. London or his attorney. The record and cost bill are silent as to whether the $35 fee was for the State's subpoenas or the defense subpoenas.

SUMMARY OF THE ARGUMENT

The Court of Appeals refused to consider the constitutionality of the Sheriff's fees, deeming it unpreserved. "Summoning Witness/Mileage" cost is one of a number of costs that courts order defendants to pay upon conviction of a crime. Mr. London challenged this fee as unconstitutional as-applied to him because he is indigent.

Mr. London was never provided a cost bill (as the law requires now)[1] and one was not even prepared until 19 days after the judgment was signed. This issue was preserved at the first opportunity. The Court should find it was preserved and remand to the Court of Appeals for consideration of the constitutional challenge.

---

[1]

The Texas Code of Criminal Procedure 103.001 was amended and as of June 19, 2015, the law stands:
> (b) In a court other than a justice or municipal court, a cost is not payable by the person charged with the cost until a written bill containing the items of cost is:(1) produced;(2) signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost; and(3) provided to the person charged with the cost.

Elimination of certain court fees and costs and to the bill of costs provided to a defendant, 2015 Tex. Sess. Law Serv. Ch. 1141 (S.B. 287) (VERNON'S)

The Court of Appeals determined that the constitutional challenge to the Sheriff's fees could not be raised for the first time on appeal. The basis for the challenge was not available to Mr. London until 19 days after the judgment was signed. Did the Court of Appeals err in refusing to consider a challenge that was only available post-trial, in derogation of *Landers v. State*?

The Code of Criminal Procedure mandates the following fee:

(A) A defendant convicted of a felony or a misdemeanor **shall** pay the following fees for services performed in the case by a peace officer:

(3) $5 for summoning a witness.

TEX. CODE CRIM. PROC. ART. 102.011(A)(3)(emphasis supplied). The First Court of Appeals has determined that each and every time the State subpoenas a witness, regardless of the number of trial resets or uncalled witnesses, the defendant must bear that cost. *See Ramirez v. State*, 410 S.W.3d 359, 366 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd)(holding that the statute requires "a $5 fee for each witness summoned each time the witness is summoned.").

**The Court of Appeals held error was waived**.

The Court of Appeals refused to consider this challenge, holding the error was waived because it was not raised in the trial court:

London argues, with little more explanation, that article 102.011(a)(3) is unconstitutional as applied to him because he is indigent. London did not raise this complaint in the trial court. A defendant may not raise for the first time on appeal an as-applied challenge to constitutionality of a statute. *Curry v. State*, 910 S.W.2d 490, 496 (Tex.Crim.App.1995). However, he argues that under *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App.2014), error preservation is not required in this circumstance. In *Johnson*, the Court of Criminal Appeals held that a challenge to the factual basis for assessment of statutory court costs could be raised for the first time on appeal. *Id.* at 390. The Court did not address whether a

challenge to the constitutionality of the underlying statute could be raised for the first time on appeal, and it did not overrule *Curry*. *See id.* Because London did not raise his as-applied constitutional challenges in the trial court, we hold that this issue is waived, and we overrule it.

*London v. State*, 2015 WL 1778583, at *4.

**The error was preserved based upon precedent from this Court.**

This Court explained that challenges to court costs can be raised for the first time on appeal and "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas v. State*, 423 S.W.3d 396, 399 (Tex. Crim. App. 2014). In a companion case decided the same day, *Johnson v. State*, the Court further explained that because the cost bill is most likely unavailable at the time of the judgment, an "Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal." *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

**No objection was necessary in the trial court.**

This case is similar to *Landers v. State* where this Court explained that challenging the court cost for an attorney *pro tem* could be raised for the first time on appeal, holding:

> Since the fees were not imposed in open court and she was not required to file a motion for new trial, she has not forfeited the complaint on appeal.

*Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013). In *Landers*, the cost bill was available six days after the judgment and this Court explained:

> No notice of this document was given to the appellant or her attorney and no further proceedings were held. Consequently, the appellant was not given an opportunity to object to the imposition of these costs. Since she was not given the opportunity, the absence of an objection is not fatal to her appeal.

*Landers,* 402 S.W.3d at 255. This Court went on to declare that Landers was not required to object in a motion for new trial because there was no notice the cost bill had ever been created and it would "allow a judge to de facto alter the statutory time frame for motions for new trial." *Landers*, 402 S.W.3d at 255.

The cost bill in this case was created on May 22, 2013, which was 19 days after the judgment was entered on May 3, 2013. (C.R. 77-80). This Court has held that Mr. London was not required to file a motion for new trial in order to preserve his challenge.

**The Courts of Appeals application of *Landers***

After *Landers* was decided, the First Court of Appeals considered a case on remand:

> ... as in *Landers*, appellant was not given the opportunity to object to the imposition as court costs of attorney pro tern fees that were not itemized in a bill of costs until thirteen days after the trial court signed the judgment. *See* 402 S.W.3d at 255. Because appellant did not have the opportunity to object and she was not required to file a motion for new trial to raise this complaint, we hold that she has not forfeited her complaint on appeal.

*Sturdivant* v. State, 445 S.W.3d 435, 439-40 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). What is helpful in this case is the consideration of the State's counter-arguments. First, the State argued "that appellant could have raised the issue in a formal bill of exception pursuant to TEXAS RULE OF APPELLATE PROCEDURE 33.2."

*Sturdivant*, 445 S.W.3d at 440. The Court of Appeals rejected that argument, explaining:

> Although this error may not have been discovered until after trial, it is not the type of error that requires the complaining party to affirmatively put additional evidence into the record for the complaint to be cognizable on appeal. We therefore conclude that appellant was not required to file a formal bill of exception to preserve her complaint concerning the attorney pro tern fees.

*Sturdivant*, 445 S.W.3d at 440.

Second, "[t]he State also argue[d] that appellant could have brought her complaint to the attention of the trial court by filing a motion to correct costs pursuant to Code of Criminal Procedure article 103.008." *Sturdivant*, 445 S.W.3d at 440. This, too, was rejected by the Court of Appeals:

> The Legislature provided a statutory mechanism to seek correction, but it did not intend to foreclose a defendant from seeking correction of costs by other means, such as a direct appeal.

*Sturdivant,* 445 S.W.3d at 440. Additionally, Mr. Landers is foreclosed from challenging the constitutionality of fees in a 103.008 hearing:

> Article 103.008(a) of the Code of Criminal Procedure provides: "On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs. By its express language, this article applies in cases in which a party complains of an "error" in the costs assessed.
> Clearly, Caldwell's suit does not concern an allegation of any "error" in the calculation of costs. Rather, Caldwell is seeking a declaration that the statute imposing the costs is unconstitutional. We therefore find article 103.008 inapplicable...

*Rylander v. Caldwell*, 23 S.W.3d 132, 137 (Tex. App.– Austin 2000, no pet.). No constitutional challenge can be made in a 103.008 hearing.

**Conclusion**

Mr. London's challenge to the constitutionality of the Sheriff's fees was raised at the first available juncture. The Court of Appeals should be reversed and this cause remanded for consideration of the constitutional challenge.

PRAYER

Mr. London prays this Court reverse the Court of Appeals and remand.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*/s/ Jani J. Maselli Wood*
_____
**JANI J. MASELLI WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
Jani.Maselli@pdo.hctx.net
(713) 368-0016
(713) 368-4322
TBA No. 00791195

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. App. Proc. 9.5, this certifies that on July 28, 2015, a copy of the foregoing was served electronically to counsel for the state (through texfile.com) at the following addresses:

Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046,
Austin, TX 78711,
information@spa.texas.gov

Eric Kugler
Assistant District Attorney
1201 Franklin Street, 6th Floor
Houston, TX 77002
kugler_eric@dao.hctx.net


*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

## CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this petition complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(i)(2)(D).*

1.      Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this petition contains 2755 words printed in a proportionally spaced typeface.

2.      This petition is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 14 point font in footnotes produced by Corel WordPerfect software.

3.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*Jani Maselli Wood*

_____

JANI J. MASELLI WOOD

CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.     Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this brief contains 9903 words printed in a proportionally spaced typeface.

2.     This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 13 point font in footnotes produced by Corel WordPerfect software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Jani J. Maselli*

_____

JANI J. MASELLI