# NOS. 12-20-00156-CR
# 12-20-00159-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EARL WARREN,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Earl Warren appeals his convictions for engaging in organized criminal activity and aggravated assault with a deadly weapon. In his sole issue, Appellant argues that the "time payment" fee assessed in the trial court's bill of costs in each case is unconstitutional. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity committed as a member of a criminal street gang, a third degree felony.[1] Further, Appellant was charged by indictment with aggravated assault with a deadly weapon, i.e., he used or exhibited a deadly weapon, a firearm and a BB gun, during commission of or immediate flight from the offense, a second degree felony.[2]

Appellant pleaded "guilty" to both offenses. He also pleaded "true" to the allegation that he committed the offense of engaging in organized criminal activity as a member of a criminal

---

[1] Engaging in organized criminal activity is punishable one category higher than the most serious offense that was committed. *See* TEX. PENAL CODE ANN. § 71.02 (b) (West Supp. 2020). The underlying offense, burglary, is a state jail felony if the offense was committed in a building other than a habitation. *See id.* § 30.02 (c)(1) (West 2019). Thus, this offense is a third degree felony. *See id.* § 12.34 (West 2019).

[2] *See* TEX. PENAL CODE ANN. §§ 12.33, 22.02 (b) (West 2019).

street gang, and the allegation that he used or exhibited a deadly weapon. Appellant and his counsel signed various documents in connection with his guilty pleas, including an agreed punishment recommendation, and a stipulation of evidence in which Appellant judicially confessed to the offenses alleged in the indictments, admitted that he committed each and every allegation alleged in the complaints, and admitted he was guilty as charged for each offense. The trial court accepted Appellant's pleas, found the evidence substantiated his guilty pleas, deferred proceedings without entering an adjudication of guilt in each offense, and ordered that Appellant be placed on deferred adjudication community supervision for ten years for each offense.

Later, the State filed a motion to adjudicate guilt in each offense, alleging that Appellant violated the terms of his community supervision. At the hearing on the State's motions to adjudicate guilt, Appellant pleaded "true" to all the State's allegations. After the hearing, the trial court granted the State's motions to adjudicate guilt, revoked Appellant's deferred adjudication community supervision, and adjudicated Appellant guilty of engaging in organized criminal activity and aggravated assault with a deadly weapon. Further, the trial court made an affirmative finding that Appellant was a member of a criminal street gang, and that he used a deadly weapon. The trial court assessed Appellant's punishment at eight years of imprisonment in each case, to run concurrently, and ordered Appellant to pay all court costs. These appeals followed.

### COURT COSTS

In his sole issue in each case, Appellant argues that the trial court erred in assessing a "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgment.[3] Although the State acknowledges that it conceded error on this issue in previous appeals, it has reconsidered its position on the "time payment" fee and no longer concedes error.

We have held that the "time payment" fee previously authorized by Section 133.103 is facially unconstitutional. *Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App.—Tyler Sept. 9, 2020, pet. filed) (mem. op., not designated for publication); *see also Salinas*

---

[3] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020, pet. filed).

*v. State*, 523 S.W.3d 103, 113 n. 54 (Tex. Crim. App. 2017); ***Ovalle v. State***, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed); ***Simmons v. State***, 590 S.W.3d 702, 712 (Tex. App.–Waco 2019, pet. filed); ***Dulin v. State***, 583 S.W.3d 351, 353 (Tex. App.–Austin 2019, pet. granted); ***Johnson v. State***, 573 S.W.3d 328, 340 (Tex. App.–Houston [14th Dist.] 2019, no pet.) (concluding that, because the portions of time payment fee authorized by Section 133.103(b) and (d) were deposited in general revenue and were not sufficiently allocated to administration of criminal justice system, those subsections were facially unconstitutional as violating the separation-of-powers provision of Texas Constitution).

Fines are punitive and intended to be part of the convicted defendant's sentence. *See* ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.*; ***Williams v. State***, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, 2017 WL 1493488 (Tex. Crim App. 2017). We follow our prior decisions in this area and conclude that the "time payment" fee previously authorized by Section 133.103 is facially unconstitutional.

Here, the judgment adjudicating guilt in the engaging in organized criminal activity offense reflects that the trial court assessed $279.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant has incurred "court costs, fees, fines and/or restitution" in the amount of $279.00. The certified bill of costs itemizes the court costs imposed, which total $304.00 with a $279.00 balance remaining. The bill of costs includes a $25.00 "time payment" fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Further, the judgment adjudicating guilt in the aggravated assault with a deadly weapon offense reflects that the trial court assessed $284.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant has incurred "court costs, fees, fines and/or restitution" in the amount of $284.00. The certified bill of costs itemizes the court costs imposed, which total $304.00 with a $284.00 balance remaining. The bill

of costs includes a $25.00 "time payment" fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* ***id.***

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See* ***Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we will modify the trial court's judgment and Order to Withdraw Funds in each case to reflect the appropriate assessment of court costs that do not include the time payment fee. *See* ***Ovalle***, 592 S.W.3d at 618. Appellant's sole issue in each case is sustained.

<u>CONCLUSION</u>

Having sustained Appellant's sole issue in each case, we modify the trial court's judgment in the engaging in organized criminal activity offense to reflect that the amount of court costs is $254.00. *See* TEX. R. APP. P. 43.2(b). We further ***modify*** the Order to Withdraw Funds to state that the total amount of "court costs, fees, fines and/or restitution" is $254.00. *See* ***id.***

We modify the trial court's judgment in the aggravated assault with a deadly weapon offense to reflect that the amount of court costs is $259.00. *See* ***id.*** We further ***modify*** the Order to Withdraw Funds to state that the total amount of "court costs, fees, fines and/or restitution" is $259.00. *See* ***id.*** In all other respects, we ***affirm*** the trial court's judgments.

<u>GREG NEELEY</u>
Justice

Opinion delivered January 13, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 13, 2021**

**NO. 12-20-00156-CR**

**JAMES EARL WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0351-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment in the engaging in organized criminal activity offense of the court below be **modified** to reflect that the amount of court costs is $254.00; we further **modify** the Order to Withdraw Funds to state that the total amount of "court costs, fees, fines and/or restitution" is $254.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 13, 2021**

**NO. 12-20-00159-CR**

**JAMES EARL WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0258-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment in the aggravated assault with a deadly weapon offense of the court below be **modified** to reflect that the amount of court costs is $259.00; we further **modify** the Order to Withdraw Funds to state that the total amount of "court costs, fees, fines and/or restitution" is $259.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*