# NO. 12-20-00113-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER CEMOND FRATER,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Cemond Frater appeals his conviction for possession of a firearm by a felon. In a single issue, he contends the trial court erred by imposing certain court costs. We modify and affirm as modified.

## BACKGROUND

In October 2019, Appellant was charged by indictment with the third-degree felony of unlawful possession of a firearm by a felon.[1] Appellant pleaded "not guilty," waived his right to a jury trial, and the matter proceeded to a bench trial. The trial court ultimately found Appellant "guilty." Following a sentencing hearing, the trial court found each of the State's enhancement paragraphs "true" and, consistent with the habitual offender statute, assessed Appellant's punishment at forty years imprisonment.[2] This appeal followed.

## COURT COSTS

In his sole issue, Appellant urges the trial court improperly assessed certain court costs in the judgment. Specifically, he argues the trial court erroneously assessed costs for the "county

---

[1] *See* TEX. PENAL CODE ANN. § 46.04 (West Supp. 2020).

[2] *See id*. § 12.42(d) (West 2019)

specialty court account" and "courthouse security fund." The State concedes the error and urges that the "Local Consolidated Fee on Conviction of Felony" should be stricken in its entirety. We agree.

**Local Consolidated Fee on Conviction of Felony**

The date of Appellant's charged offense is July 25, 2019. The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. TEX. LOC. GOV'T CODE ANN. § 134.101 (West Supp. 2020). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. *Id.* § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b).

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. Per the statute's effective date, Appellant is not obligated to pay the Local Consolidated Fee on Conviction of Felony. *See* **Hayes v. State**, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler April 14, 2021, no pet. h.) (mem. op., not designated for publication). Accordingly, we will modify the trial court's judgment and Order to Withdraw Funds to delete these fees. *See* **Sturdivant v. State**, 445 S.W.3d 435, 443 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); **Ovalle v. State**, 592 S.W.3d 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed). Appellant's sole issue is sustained.

**Time Payment Fee**

We further note that the judgment awards a total of $326.50 in court costs. The judgment includes a document entitled "Order to Withdraw Funds," which states that Appellant incurred "court costs, fees, fines and/or restitution in the amount of $326.50." The bill of costs itemizes the court costs imposed, which total $326.50 with $326.50 remaining. The bill of costs includes a $15.00 "time payment" fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the judgment assessing the court

costs is entered.[3] *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Several intermediate appellate courts, including this Court, have held subsections (b) and (d) of Section 133.03 unconstitutional. *See, e.g.*, ***Irvin v. State***, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020, pet. filed) (mem. op., not designated for publication); ***Ovalle***, 592 S.W.3d at 618 n.1; ***Simmons v. State***, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019, pet. filed); ***Johnson v. State***, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). However, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for the purposes of the time payment fee. ***Dulin v. State***, Nos. PD-0856-19, PD-0857-19, 2021 WL 1202400, at *4 (Tex. Crim. App. March 31, 2021).

While Appellant did not complain about the imposition of the time payment fee, we have the authority to sua sponte modify a judgment to make the record speak the truth when we have the necessary information to do so. ***Goldson v. State***, No. 12-16-00278-CR, 2017 WL 3405201, at *3 (Tex. App.—Tyler Aug. 9, 2017, no pet.) (mem. op., not designated for publication); ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd); ***Asberry v. State***, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court"); TEX. R. APP. P. 43.2(b).

Because the pendency of an appeal stops the clock for purposes of the time payment fee, the assessment of the fee in Appellant's case is premature. ***Dulin***, 2021 WL 1202400, at *4. As a result, the fee should be struck in its entirety, without prejudice to being assessed later if, more than 30 days after the issuance of our mandate, Appellant has failed to completely pay any fine, court costs, or restitution that he owes.[4] ***Id***.

---

[3] It appears the trial court improperly assessed the new $15.00 time payment fee instead of the $25.00 payment fee applicable to Appellant's case. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, §§ 2.54, 5.01, 2019 Tex. Sess. Law Serv. ch. 1352; TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020).

[4] The United States Supreme Court and the Texas Court of Criminal Appeals have recognized the desirability of avoiding the adjudication of constitutional issues when at all possible. ***Clinton v. Jones***, 520 U.S. 681, 690, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); ***Pena v. State***, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). Whether the time payment fee will be reimposed later is speculative at this point because Applicant could avoid the

**DISPOSITION**

Having sustained Appellant's sole issue, we modify the trial court's judgment, along with its attached order to withdraw funds, to reflect that Appellant's court costs are $206.50 by deleting the local consolidated fee on conviction of felony and by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay fine, court costs, or restitution he owes. We *affirm* the judgment *as modified.*

**JAMES T. WORTHEN**<br>Chief Justice

Opinion delivered May 12, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

statutory conditions for imposing the fee by choosing to pay his monetary obligations on time. And there is an available statutory remedy to challenge the time payment fee, if it is ever imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2018); *see also **Dulin**,* 2021 WL 1202400, at *4 n.29.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 12, 2021**

**NO. 12-20-00113-CR**

**CHRISTOPHER CEMOND FRATER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1522-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant's court costs are $206.50 by deleting the local consolidated fee on conviction of felony and by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay fine, court costs, or restitution he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*