NOS. 12-20-00156-CR
12-20-00159-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES EARL WARREN,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Earl Warren appeals his convictions for engaging in organized criminal activity and aggravated assault with a deadly weapon. In his sole issue, Appellant argues that the "time payment" fee assessed in the trial court's bill of costs in each case is unconstitutional. Upon remand by the Texas Court of Criminal Appeals, we modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with engaging in organized criminal activity committed as a member of a criminal street gang, a third degree felony.[1] Further, Appellant was charged by indictment with aggravated assault with a deadly weapon, i.e., he used or exhibited a deadly weapon, a firearm and a BB gun, during commission of or immediate flight from the offense, a second degree felony.[2]

Appellant pleaded "guilty" to both offenses. He also pleaded "true" to the allegation that he committed the offense of engaging in organized criminal activity as a member of a criminal

---

[1] Engaging in organized criminal activity is punishable one category higher than the most serious offense that was committed. *See* TEX. PENAL CODE ANN. § 71.02 (b) (West Supp. 2021). The underlying offense, burglary, is a state jail felony if the offense was committed in a building other than a habitation. *See id*. § 30.02 (c)(1) (West 2019). Thus, this offense is a third degree felony. *See id.* § 12.34 (West 2019).

[2] *See* TEX. PENAL CODE ANN. §§ 12.33, 22.02 (b) (West 2019 & Supp. 2021).

street gang, and the allegation that he used or exhibited a deadly weapon. Appellant and his counsel signed various documents in connection with his guilty pleas, including an agreed punishment recommendation, and a stipulation of evidence in which Appellant judicially confessed to the offenses alleged in the indictments, admitted that he committed each and every allegation alleged in the complaints, and admitted he was guilty as charged for each offense. The trial court accepted Appellant's pleas, found the evidence substantiated his guilty pleas, deferred proceedings without entering an adjudication of guilt in each case, and ordered that Appellant be placed on deferred adjudication community supervision for ten years for each offense.

Later, the State filed a motion to adjudicate guilt in each case, alleging that Appellant violated the terms of his community supervision. At the hearing on the State's motions to adjudicate guilt, Appellant pleaded "true" to all the State's allegations. After the hearing, the trial court granted the State's motions to adjudicate guilt, revoked Appellant's deferred adjudication community supervision, and adjudicated Appellant guilty of engaging in organized criminal activity and aggravated assault with a deadly weapon. Further, the trial court made an affirmative finding that Appellant was a member of a criminal street gang, and that he used a deadly weapon. The trial court assessed Appellant's punishment at eight years of imprisonment in each case, to run concurrently, and ordered Appellant to pay all court costs. These appeals followed.

## COURT COSTS

In his sole issue in each case, Appellant argues that the trial court erred in assessing a "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgments.[3] In our original opinion, we held that the "time payment" fee previously authorized by Section 133.103 is facially unconstitutional, and modified the trial court's judgments and Order to Withdraw Funds in each case to reflect the appropriate assessment of

---

[3] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020), *vacated*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021).

court costs that did not include the time payment fee.  *See Warren v. State*, Nos. 12-20-00156-CR, 12-20-00159-CR, 2021 WL 126600, at \*2-3 (Tex. App.—Tyler Jan. 13, 2021), *vacated*, 2021 WL 1936549 (Tex. Crim. App. May 12, 2021).  The court of criminal appeals vacated our previous opinion and remanded the case to this court for proceedings consistent with the opinion in **Dulin v. State**, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).  *See Warren v. State*, Nos. PD-0117-21, PD-0118-21, 2021 WL 1936549, at \*1 (Tex. Crim. App. May 12, 2021).

Several courts, including this one, have held subsections (b) and (d) of Section 133.03 unconstitutional.  *See, e.g.*, **Irvin v. State**, No. 12-19-00347-CR, 2020 WL 5406276, at \*7 (Tex. App—Tyler Sept. 9, 2020), *vacated*, 2021 WL 1940593 (Tex. Crim. App. May 12, 2021); **Ovalle**, 592 S.W.3d at 618; **Simmons v. State**, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated*, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); **Johnson v. State**, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated*, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021).  However, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for the purposes of the time payment fee.  **Dulin**, 620 S.W.3d at 133.

Fines are punitive and intended to be part of the convicted defendant's sentence.  *See* **Armstrong v. State**, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).  Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case."  **Id.**; **Williams v. State**, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, 2017 WL 1493488 (Tex. Crim App. 2017).

Here, the judgment adjudicating guilt in the engaging in organized criminal activity case reflects that the trial court assessed $279.00 in court costs.  The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines and/or restitution" in the amount of $279.00.  The certified bill of costs itemizes the court costs imposed, which total $304.00 with a $279.00 balance remaining. The bill of costs includes a $25.00 time payment fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered.[4]  *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c)

---

[4] The bill of costs in each case contains a chart describing each fee and listing the "fee code," as well as the amount of the fee and the balance due.  The bill of costs in each case includes the $25.00 "time payment" fee, but not the $15.00 "additional time payment fee" referenced in the paragraph below the chart.

redesignated as TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Likewise, the judgment adjudicating guilt in the aggravated assault with a deadly weapon case reflects that the trial court assessed $284.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines and/or restitution" in the amount of $284.00. The certified bill of costs itemizes the court costs imposed, which total $304.00 with a $284.00 balance remaining. The bill of costs includes a $25.00 time payment fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) redesignated as TEX. CODE CRIM. PROC. ANN. art. 102.030.

As previously stated, the Texas Court of Criminal Appeals recently explained that the pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin*, 620 S.W.3d at 133. Consequently, the assessment of the time payment fees in Appellant's cases, trial court number 007-0351-18 (appellate cause number 12-20-00156-CR) and trial court number 007-0258-18 (appellate cause number 12-20-00159-CR), is premature, and the fees should be struck in their entirety, without prejudice to being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay his court costs in both cases. *See id.*

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we modify the trial court's judgments, attached orders to withdraw funds, and bill of costs in trial court cause numbers 007-0351-18 and 007-0258-18 to reflect the appropriate assessment of court costs that do not include the time payment fee. *See Dulin*, 620 S.W.3d at 133. Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the judgment, Order to Withdraw funds, and bill of costs in each case to remove the time payment fees, without prejudice to the fees being assessed later, if more than thirty days after the issuance of our mandate, Appellant

4

fails to completely pay the court costs he owes in the engaging in organized criminal activity case, trial court number 007-0351-18 (appellate cause number 12-20-00156-CR) and the aggravated assault with a deadly weapon case, trial court number 007-0258-18 (appellate cause number 12-20-00159-CR). *See id.* In all other respects, we ***affirm*** the trial court's judgments as modified.

<u>**GREG NEELEY**</u>
Justice

Opinion delivered November 3, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-20-00156-CR**

**JAMES EARL WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0351-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs he owes, in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 3, 2021**

**NO. 12-20-00159-CR**

**JAMES EARL WARREN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0258-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs he owes, in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*