**Opinion issued March 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00089-CR

## NO. 01-12-00184-CR

_____

**JOYCE MCMILLIN STURDIVANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 54th District Court**
**McLennan County, Texas**
**Trial Court Case No. 2011-564-C2**

---

## O P I N I O N

A jury convicted appellant, Joyce McMillin Sturdivant, of the first-degree

felony offenses of murder and attempted capital murder and assessed punishment

at thirty years' and fifteen years' confinement, respectively, to run concurrently.[1]

We affirmed appellant's conviction on original submission. Appellant subsequently filed a petition for discretionary review, challenging our determination that she failed to preserve for appellate review her complaint that the trial court erroneously taxed fees for the attorneys pro tem, the State's expert witnesses, and the State's investigator (collectively, "attorney pro tem fees") as court costs. After we issued our opinion, the Court of Criminal Appeals issued an opinion addressing this question in *Landers v. State*, 402 S.W.3d 252 (Tex. Crim. App. 2013). The Court of Criminal Appeals then granted appellant's petition for discretionary review, vacated our May 14, 2013 judgment, and remanded the case to this Court to determine what effect, if any, *Landers* has on our reasoning and analysis. *See Sturdivant v. State*, 411 S.W.3d 487 (Tex. Crim. App. 2013) (per curiam).

We modify the judgment of the trial court and affirm as modified.

---

[1]     *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2011) (providing that person commits offense of murder if she intentionally or knowingly causes death of individual); *id.* § 19.03(a)(3) (Vernon Supp. 2013) (providing that person commits offense of capital murder if she employs another to commit murder for remuneration or promise of remuneration); *id.* § 15.01(a) (Vernon 2011) (providing that person commits offense of criminal attempt if, with specific intent to commit underlying offense, she "does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended").

## Background

The State originally indicted appellant for the offenses of capital murder and attempted capital murder of her husband, Joe Sturdivant. The elected district attorney of McLennan County recused himself and his office because he had previously represented an individual connected to the case.[2] The trial court appointed an attorney pro tem to conduct appellant's prosecution.

The jury convicted appellant of the lesser-included offense of murder and attempted capital murder, and the trial court sentenced appellant in open court to thirty years' and fifteen years' confinement, respectively, to run concurrently. At the time the trial court orally pronounced appellant's sentence, the court did not mention court costs, nor did it mention that it found that appellant's financial resources had materially changed such that she was no longer indigent.

On December 9, 2011, four days after the trial court orally pronounced appellant's sentence, the trial court signed a written judgment. The judgment, which was entirely computer-generated, included $64,538.22 in court costs. The judgment included the following special finding:

> The Court finds that the defendant has financial resources that enable her to pay in whole the assessed costs. The Court assesses all court

---

[2] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas to this Court pursuant to its docket equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

appointed attorney's fees, attorney pro tem fees, expert witness fees, and investigator's fees as costs in this cause and Orders the defendant to pay the same.

The trial court attached, and incorporated into the judgment, an order to withdraw funds from appellant's inmate trust account to satisfy the court costs order. The judgment did not include an itemization of the court costs.

Appellant signed the judgment and affixed her fingerprint on December 21, 2011, twelve days after the trial court signed the judgment. The clerk's record includes a "Bill of Cost," dated December 22, 2011, that itemized the court costs and included a total of $35,099.69 in fees for the attorneys pro tem, the State's expert witnesses, and the State's investigator.[3] The record does not indicate when this document was presented to appellant or her counsel, if at all.

Appellant did not move for a new trial or otherwise complain to the trial court that it had improperly included the attorney pro tem fees as court costs. We held, on original submission, that because appellant did not bring her complaint to the attention of the trial court, she failed to preserve the complaint for appellate review. *See Sturdivant v. State*, No. 01-12-00089-CR, 2013 WL 1972179, at *19

---

[3] In addition to $27,009.69 in fees specifically labeled "special prosecutor" on the costs bill, the bill also includes $8,090.00 for attorney E. Alan Bennett, whom the costs bill mistakenly identifies as an attorney appointed for appellant. Bennett served as an attorney pro tem during the trial, and we therefore include the fees for his services with the fees assessed for the other attorney pro tem. The trial court therefore included as court costs a total of $35,099.69 in attorney pro tem, State's expert witnesses, and State's investigator fees.

(Tex. App.—Houston [1st Dist.] May 14, 2013), *vacated*, 411 S.W.3d 487 (Tex. Crim. App. 2013). We resolved all of appellant's six issues against her and affirmed her conviction. *See id.* at *22.

Appellant subsequently filed a petition for discretionary review challenging only our determination that she failed to preserve her complaint about the attorney pro tem fees for appellate review. While her petition for discretionary review was pending before the Court of Criminal Appeals, that court issued its opinion in *Landers v. State*. *See* 402 S.W.3d 252 (Tex. Crim. App. 2013). In that case, the Court of Criminal Appeals held that because Landers was not given the opportunity to object in open court to the imposition of attorney pro tem fees as court costs and was not required to file a motion for new trial to complain of that action, she did not forfeit her complaint by raising it for the first time on appeal. *See id.* at 255.

On October 9, 2013, the Court of Criminal Appeals granted appellant's petition for discretionary review and, in a per curiam opinion, noted that we did not have the benefit of its *Landers* opinion when we issued our opinion in this case. *Sturdivant v. State*, 411 S.W.3d 487, 488 (Tex. Crim. App. 2013) (per curiam). The court therefore stated, "[W]e vacate the judgment of the Court of Appeals and remand for that court to consider the effect of *Landers*, if any, on its reasoning and analysis in this case." *Id.*

5

**Taxing of Attorney Pro Tem Fees as Court Costs**

In the sole issue on remand, appellant contends that the trial court erred in taxing as court costs the attorney pro tem fees.

*A. Preservation of Error*

The Court of Criminal Appeals discussed preservation of a complaint that the trial court improperly taxed attorney pro tem fees as court costs in *Landers*. At the time the trial court orally pronounced Landers' sentence, the court did not mention the imposition of court costs. 402 S.w.3d at 253. The typed, written judgment included a handwritten statement that Landers owed $4,562.50 in costs, and the record did not indicate whether this notation was added before or after Landers signed the judgment and added her fingerprint. *Id.* Six days after the trial court signed the judgment, the clerk issued an itemized bill of costs which listed $3,718.50 in attorney's fees for the attorney pro tem. *Id.* at 253–54. Neither appellant nor her counsel received a copy of the bill of costs. *Id.* at 254. Appellant complained about the imposition of these fees as court costs for the first time on appeal. *Id.*

In holding that Landers did not forfeit her complaint, the Court of Criminal Appeals first noted the general rule that, to preserve error for appellate review, the party must complain to the trial court. *Id.* It then noted, however, that the operation of that rule "may depend on the party's having an opportunity to comply

6

with the rule." *Id.* The court observed that while an appellant fails to preserve error by failing to object when he had the opportunity to do so, an appellant does not forfeit error if he never had the opportunity to object. *Id.* (quoting *Burt v. State*, 396 S.W.3d 574, 577–78 (Tex. Crim. App. 2013)). With regard to Landers' case, the court noted that the judgment did not itemize the court costs, that the itemized bill of costs created by the clerk's office was not provided to appellant or her attorney, and that the trial court held no further proceedings. *Id.* at 255. Accordingly, the Court of Criminal Appeals held that because Landers did not have the opportunity to object to imposition of attorney pro tem fees as court costs, her failure to object was not fatal to her appeal. *Id.*

The Court of Criminal Appeals also held that, even if Landers could have raised this issue in a motion for new trial (a question the court expressly declined to answer), she was not required to do so. *Id.* The court reasoned that a party is required to file a motion for new trial to preserve error only when it is necessary to adduce facts not in the record, and Landers' complaint involved a legal question, not a factual one. *Id.* The court also declined to create such a requirement because, in that case, the clerk filed the bill of costs six days after the trial court signed the written judgment, thus leaving twenty-four days for Landers to obtain the bill and file a motion for new trial raising her complaint. *Id.* The court "decline[d] to adopt a rule that would allow a judge to de facto alter the statutory

7

time frame for motions for new trial." *Id.* The court ultimately held that Landers "may not be faulted for failing to object when she was not given the opportunity." *Id.* Because the trial court did not impose the fees in open court and Landers was not required to file a motion for new trial, she did not forfeit her complaint about taxing the attorney pro tem fees as court costs. *Id.*; *see also Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *3 (Tex. Crim. App. Feb. 26, 2014) ("[A] criminal defendant need not preserve an objection in the trial court to raise a claim challenging the bases for the imposition of court costs for the first time on appeal.").

Here, the trial court made no mention of court costs when it orally pronounced appellant's sentence. Four days later, the trial court signed the written judgment, which contained a special finding that appellant had the financial resources to pay the assessed costs, and the court specifically assessed as costs "all court appointed attorney's fees, attorney pro tem fees, expert witness fees, and investigator's fees."[4] The judgment assessed $64,538.22 in court costs, but these costs were not itemized in the judgment or in the attached order to withdraw funds from appellant's inmate trust account. The clerk's record includes an itemized bill

---

[4] Appellant complained about the taxing of the court-appointed defense attorney, court-appointed defense expert witnesses, and court-appointed defense investigator's fees on original submission, and we resolved that issue against her. She did not seek further review of that issue before the Court of Criminal Appeals and, therefore, we do not address it now.

8

of costs dated December 22, 2011, thirteen days after the trial court signed the written judgment and one day after appellant signed the judgment and affixed her fingerprint, which specified that $35,099.69 of the assessed costs related to the attorney pro tem fees. The record does not indicate when appellant or her counsel received notice of this document, and no further proceedings were held in the trial court.

We hold that, as in *Landers*, appellant was not given the opportunity to object to the imposition as court costs of attorney pro tem fees that were not itemized in a bill of costs until thirteen days after the trial court signed the judgment. *See* 402 S.W.3d at 255. Because appellant did not have the opportunity to object and she was not required to file a motion for new trial to raise this complaint, we hold that she has not forfeited her complaint on appeal. *See id.*

In its supplemental brief on remand, the State argues that two alternate ways exist in which appellant could have raised her complaint before the trial court, and because she did not avail herself of either of these mechanisms she did not preserve her complaint for appellate review.

The State first argues that appellant could have raised the issue in a formal bill of exception pursuant to Texas Rule of Appellate Procedure 33.2. A formal bill of exception allows the party to "complain on appeal about a matter that would otherwise not appear in the record." TEX. R. APP. P. 33.2. This method of error

9

preservation is primarily used when the appellant complains on appeal about the trial court's erroneous exclusion of evidence, evidence that, because it was not admitted, would not otherwise be part of the appellate record. *See, e.g.*, *Zuniga v. State*, 393 S.W.3d 404, 417 (Tex. App.—San Antonio 2012, pet. ref'd); *Moore v. State*, 275 S.W.3d 633, 635 (Tex. App.—Beaumont 2009, no pet.). Appellant's complaint, in contrast, does not involve any evidence or facts that are not otherwise a part of the appellate record. The basis of appellant's complaint concerning the inclusion of attorney pro tem fees as court costs is apparent from the trial court's written judgment and the itemized bill of costs, two documents that are already a part of the appellate record. Although this error may not have been discovered until after trial, it is not the type of error that requires the complaining party to affirmatively put additional evidence into the record for the complaint to be cognizable on appeal. We therefore conclude that appellant was not required to file a formal bill of exception to preserve her complaint concerning the attorney pro tem fees. *Cf. Landers*, 402 S.W.3d at 254 (holding that appellant's complaint about assessment of attorney pro tem fees involved legal rather than factual question).

The State also argues that appellant could have brought her complaint to the attention of the trial court by filing a motion to correct costs pursuant to Code of Criminal Procedure article 103.008. Article 103.008(a) provides, "On the filing of

a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the costs." TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (Vernon 2006). It is undisputed that appellant never filed a motion in the trial court pursuant to article 103.008. The State contends that because appellant had the opportunity to avail herself of this procedural mechanism but failed to do so, she forfeited her complaint for appellate review. We disagree.

Article 103.008 allows a defendant up to one year after the final disposition of her case to file a motion to correct costs. *See id.* The Legislature provided a statutory mechanism to seek correction, but it did not intend to foreclose a defendant from seeking correction of costs by other means, such as a direct appeal. *See Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) ("Despite the lack of a written bill of costs, *completely apart from the availability of direct appeal*, Thomas could also seek correction of an error in costs by moving to correct costs in the trial court.") (emphasis added); *see also Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012) ("While [article 103.008] provides a procedure for correcting errors in costs, it does not explicitly or implicitly limit an appellant's ability to challenge the sufficiency of the evidence to support a part of the court's

11

judgment."), *modified*, 2014 WL 714736. Courts, including this Court, have held that article 103.008 is an alternate means of raising errors in court costs. *See also Johnson*, 2014 WL 714736, at *7 ("Article 103.008 provides *another* route through which a defendant can challenge the assessment of court costs after final disposition of his or her case.") (emphasis added). The State has cited no authority, and we have found none, holding that an appellant seeking to challenge the imposition of court costs on appeal must first file an article 103.008 motion before she may present her complaint to the appellate court. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding that proper remedy when trial court erroneously included amounts as court costs in written judgment is to modify judgment to delete erroneously included amounts); *see also* TEX. R. APP. P. 43.2(b) (providing that appellate court may modify judgment of trial court and affirm as modified); *Johnson*, 2014 WL 714736, at *6 (stating that "matters pertaining to the imposition of court costs need not be brought to the attention of the trial court").

We therefore hold that, under the factual circumstances presented here, appellant was not given an opportunity to object to the inclusion of attorney pro tem fees as court costs. Because she was not given this opportunity and she was not required to raise this complaint in either a motion for new trial or an article 103.008 motion prior to appeal, she has not forfeited this complaint on appeal. *See*

12

*Landers*, 402 S.W.3d at 255; *see also Johnson*, 2014 WL 714736, at *3 (holding that defendant may challenge basis for imposition of court costs for first time on appeal).  We therefore consider the merits of appellant's complaint.

### B. *Propriety of Assessing Attorney Pro Tem Fees as Court Costs*

Code of Criminal Procedure article 2.07(a) provides that whenever an attorney for the State is disqualified to act in a proceeding, the trial court may appoint "any competent attorney to perform the duties of the office during the . . . disqualification of the attorney for the state."  TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (Vernon 2005); *see also id.* art. 2.07(b-1) ("An attorney for the state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified."); *Coleman v. State*, 246 S.W.3d 76, 82 (Tex. Crim. App. 2008) ("The appointed attorney is called an attorney pro tem.").  The attorney pro tem "shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person."  TEX. CODE CRIM. PROC. ANN. art. 2.07(c); *see also id.* art. 26.05(a)–(c) (Vernon Supp. 2013) (providing services for which court-appointed defense counsel may be compensated and obligating county courts to adopt fee schedule for court-appointed attorneys); *id.* art. 26.05(h) ("Reimbursement of expenses incurred for purposes of investigation or expert testimony may be paid directly to a private investigator . . . or to an expert witness in the manner designated by

appointed counsel and approved by the court."). Generally, unless the court finds that the defendant has the financial resources to pay for her court-appointed counsel, all payments made pursuant to article 26.05 "shall be paid from the general fund of the county in which the prosecution was instituted . . . and may be included as costs of court." *Id.* art. 26.05(f).

In *Busby v. State*, the Court of Criminal Appeals addressed whether the trial court could require the defendant, as a condition of community supervision, to reimburse the county for the attorney pro tem fees. 984 S.W.2d 627 (Tex. Crim. App. 1998). The Court of Criminal Appeals rejected the State's argument that attorney pro tem fees, like fees paid to court-appointed counsel, could be included as "costs of court." *Id.* at 630. The court noted that, on its face, article 2.07(c) "does not authorize inclusion of such payments in the costs of court." *Id.* Instead, that provision merely states that an attorney pro tem "'shall receive compensation in the same amount and manner' as an appointed defense attorney." *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 2.07(c)). The court construed article 2.07(c) as "incorporating the provisions of article 26.05 that govern the amount and manner of compensation," such as the provisions referring to the kinds of expenses and services for which an appointed attorney can receive compensation, the method of calculating the appointed attorney's fee, the form of schedules and reporting, the method of approval of the fee, and the funding source. *Id.* (citing TEX. CODE CRIM.

14

PROC. ANN. art. 26.05(a)–(d)). The court also noted that article 26.05 "contains provisions for a county to recover payments from a defendant," but reasoned that those provisions, "which govern costs of court and offset by the defendant, cannot be called amount and manner in which the attorney receives compensation." *Id.* at 630–31.

Further, the Court of Criminal Appeals observed that article 26.05 specifically allows that, in certain situations, fees for court-appointed defense counsel may be taxed as court costs. *Id.* at 631; *see also* TEX. CODE CRIM. PROC. ANN. 26.05(g) (providing that if court determines that defendant has financial resources enabling him to offset, in whole or in part, costs of legal services provided, court shall order defendant to pay for such services as court costs). The Legislature did not, however, include in the Code of Criminal Procedure a comparable provision allowing the county to recover from the defendant compensation paid to an attorney pro tem. *Busby*, 984 S.W.2d at 631; *see also Johnson*, 2014 WL 714736, at *2 ("Only statutorily authorized court costs may be assessed against a criminal defendant . . . ."). The court finally stated:

> There is another reason why we think the statutes would be more specific if reimbursement for attorneys pro tem were authorized. The public policy of having the defendant bear the cost of the defense attorney is a familiar part of our legal system. A public policy of having defendants reimburse the state for the costs of the prosecuting attorney would be a novelty, one which we will not impute to the legislature on such tenuous statutory language as that which the State has presented.

15

*Id.* The Court of Criminal Appeals therefore held that the Legislature had not authorized the taxing of attorney pro tem fees as court costs and thus trial courts lacked the authority to require defendants to reimburse the county for attorney pro tem fees. *See id.*

Here, the trial court made a special finding in its written judgment "assess[ing] all . . . attorney pro tem fees, expert witness fees, and investigator's fees as costs in this cause and Order[ing] the defendant to pay the same." The judgment provided that appellant owed $64,538.22 in total court costs. The district clerk then issued a bill of cost which listed a total of $35,099.69 in fees for the attorneys pro tem, the State's expert witnesses, and the State's investigator. We follow the reasoning of the Court of Criminal Appeals in *Busby* and conclude that the Legislature has not authorized the trial court to include these enumerated fees as court costs. *See id.* We hold that the trial court erroneously included $35,099.69 relating to attorney pro tem fees as court costs. We therefore modify the judgment of the trial court in both cause numbers to reduce the total amount of court costs for which appellant is responsible to $29,438.53 and to delete the special finding including attorney pro tem fees, State expert witness fees, and State investigator fees as court costs and ordering appellant to pay these amounts. *See Cates*, 402 S.W.3d at 252 (holding that proper remedy when trial court erroneously

16

included amounts as court costs is to modify judgment to delete erroneous amounts).

Finally, we note that the Court of Criminal Appeals stated in *Johnson* that "court costs are not part of the guilt or sentence of a criminal defendant . . . ." 2014 WL 714736, at *2. Thus, our decision on remand to delete the attorney pro tem fees from appellant's costs assessment in the trial court's written judgment does not affect our prior holding affirming her conviction. *See id.* at *4 n.4 (stating that court costs "are a collateral matter to a defendant's guilt or punishment").

We sustain appellant's sole issue on remand.

## Conclusion

We modify the trial court's judgments in both cause numbers to reduce the total amount of court costs for which appellant is financially responsible to $29,438.53 and to delete the special finding including attorney pro tem fees, State expert witness fees, and State investigator fees as court costs and ordering appellant to pay these amounts. We affirm the judgments of the trial court as modified.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

17