# NO. 12-17-00255-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID WAYNE HERRING,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Wayne Herring appeals his conviction for possession of methamphetamine. In one issue, he argues that some of the court costs imposed on him in the trial court's judgment are unconstitutional. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of between one and four grams of methamphetamine and pleaded "guilty." The matter proceeded to a bench trial on punishment. Ultimately, the trial court sentenced Appellant to imprisonment for fifteen years. This appeal followed.

### COURT COSTS

In his sole issue, Appellant argues that we should modify the trial court's judgment and withdrawal order to remove certain unconstitutional court costs.

**Applicable Law**

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN.

§ 133.102(a)(1) (West Supp. 2017). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2017); *Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See Salinas*, 523 S.W.3d at 105. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *Id.* The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *Id.* at 113.

**Analysis**

Here, the judgment of conviction reflects that the trial court assessed $383.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $563.00.[1] The certified bill of costs itemizes the court costs imposed, which total $383.00. The bill of costs indicates that the $133 consolidated fee was assessed. The proceedings in the trial court ended when the trial court pronounced Appellant's sentence on August 11, 2017. Because Appellant's trial ended after the mandate in *Salinas* issued, the court's holding in that case applies. *See id.*; *see also Salinas v. State*, No. PD–0170–16 (Tex. Crim. App. June 30, 2017) (mandate).

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). In accordance with the court's holding in *Salinas*, the appropriate amount assessed in a felony case as consolidated court costs is $119.93. *See Salinas*, 523 S.W.3d at 113 (Hervey, J. Concurring). Therefore, we will modify the trial court's judgment and Attachment A to reflect the appropriate assessment of court costs. Appellant's sole issue is sustained.

---

[1] As part of his plea agreement, Appellant agreed to pay $180.00 in restitution.

## CONCLUSION

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment to reflect that the amount of court costs is $369.93.  *See* TEX. R. APP. P. 43.2(b).  We also ***modify*** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $549.93.  *See **id**.*  We ***affirm*** the trial court's judgment ***as modified***.

BRIAN HOYLE
Justice

Opinion delivered March 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 21, 2018

NO. 12-17-00255-CR

**DAVID WAYNE HERRING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1013-16)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs is $369.93. We also **modify** Attachment A to state that the total amount of "court costs, fees and/or fines and/or restitution" is $549.93; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*