# NO. 12-20-00024-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEFFERY THOMAS WHITE,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

After revoking his deferred adjudication community supervision, the trial court found Jeffery Thomas White "guilty" of obstruction or retaliation and sentenced him to imprisonment for ten years. He appealed, raising four issues. In response to Appellant's fourth issue on original submission, we held that a portion of the court costs labeled "time payment" fee was unconstitutional and modified the trial court's judgment to delete the erroneously assessed costs. *See White v. State*, No. 12-20-00024-CR, 2020 WL 7042605, at *5–6 (Tex. App.–Tyler, Nov. 30, 2020, pet. granted) (mem. op, not designated for publication). We affirmed the remainder of the trial court's judgment as modified. *Id.* at *6. The State and Appellant filed petitions for review. On May 12, 2021, the court of criminal appeals issued a per curiam opinion, in which it refused both parties' petitions for review but granted review on its own motion on the issue of whether the "time payment" fee should be struck as prematurely assessed in light of the court's opinion in *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021). *See White v. State*, No. PD 1256-20, 2021 WL 1940565, at *1 (Tex. Crim. App. May 12, 2021) (per curiam). In reliance on its opinion in *Dulin*, the court vacated this court's judgment and remanded the cause to us for further consideration. *See id.* We affirm.

## BACKGROUND

Appellant was charged by indictment with obstruction or retaliation and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for five years.

On December 12, 2019, the State filed a motion to proceed to final adjudication, in which it alleged that Appellant violated a condition of his community supervision by failing to report to the Smith County Community Supervision and Corrections Department "after Court or upon release from [the] Smith County Jail." Subsequently, the trial court conducted a hearing on the State's motion, and Appellant pleaded "not true" to the allegation therein. Ultimately, the trial court found the alleged violation in the State's motion to be "true," adjudicated Appellant "guilty" of obstruction or retaliation, revoked Appellant's community supervision, and sentenced Appellant to imprisonment for ten years. This appeal followed.

## TIME PAYMENT FEE

In his sole issue on remand, Appellant argues that the trial court erred in assessing an unconstitutional "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgment.[1]

In *Dulin*, the court of criminal appeals held that the pendency of an appeal "stops the clock" for the purposes of the time payment fee. *Dulin*, 620 S.W.3d at 133. Consequently, any assessment of the time payment fee in Appellant's case would be premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes. *Id.*

Here, the judgment of conviction reflects that the trial court assessed $229.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw

---

[1] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020), *judgment vacated on other grounds*, *Ovalle v. State*, No. PD-0127-20, 2021 WL 1938672, at *1 (Tex. Crim. App. May 12, 2021) (per curiam).

Funds," which states that Appellant incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $229.00. The certified bill of costs itemizes the court costs imposed and includes a time payment fee of $15.00.[2] The sum of the itemized costs listed in the bill of costs is $244.00, which exceeds the costs assessed in the trial court's judgment by $15.00. Below the list of itemized costs is a statement that an additional time payment fee of $15.00 "will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs, or restitution is entered."

The proper remedy when a trial court erroneously includes amounts as court costs ordinarily is to modify the judgment to delete erroneous amounts. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.–Houston [1st Dist.] 2014, pet. ref'd). However, in this case, even though the time payment fee is listed in the itemized bill of costs, its addition therein results in the sum of the itemized costs' exceeding the court costs the trial court, in fact, assessed in its judgment by the amount of the time payment fee. Accordingly, since it does not appear that the trial court assessed the time payment fee in its judgment, we instead will modify the bill of costs to remove the time payment fee to reflect the appropriate itemization of court costs. *See Foley v. State*, No. 12-20-00017-CR, 2021 WL 4898457, at *6 (Tex. App.–Tyler Oct. 20, 2021, no pet. h.) (mem. op., not designated for publication) (modifying bill of costs by deleting time payment fee). Appellant's sole issue on remand is sustained.[3]

## DISPOSITION

Having sustained Appellant's sole issue on remand, we ***modify*** the bill of costs by deleting the time payment fee, without prejudice to its being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay his court costs. We further ***modify*** the bill of costs to reflect that the sum of the itemized costs is $229.00. In all other respects, we ***affirm*** the trial court's judgment.

---

[2] *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) (West 2008) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

[3] Because the fee assessment Appellant challenges in his first issue is premature, we do not consider the constitutionality of the fee. *See* TEX. R. APP. P. 47.1.

**GREG NEELEY**
Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00024-CR**

**JEFFERY THOMAS WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1257-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment. However, because the bill of costs prematurely listed a cost not yet assessed by the trial court, it further is the opinion of this court that the bill of costs should be **modified** by deleting the time payment fee, without prejudice to its being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay his court costs, and by reflecting that the sum of the itemized costs is $229.00.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*