# NO. 12-20-00236-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AMBER LEIGH MCGEHEE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Amber Leigh McGehee appeals the trial court's order revoking her community supervision.  In one issue, she challenges certain fees assessed by the trial court.  We modify and affirm.

### BACKGROUND

Appellant was indicted for the first-degree felony offense of arson, alleged to have been committed on December 20, 2019, in Smith County, Texas.[1]  Appellant reached a plea bargain with the State wherein she agreed to enter a plea of "guilty" to the indictment in exchange for the State's recommendation of ten years deferred adjudication community supervision.  On May 27, 2020, Appellant entered a plea of "guilty," which the trial court accepted.  After hearing evidence and argument from counsel, the trial court followed the State's recommendation, deferred finding Appellant "guilty," and placed her on community supervision for ten years with certain terms and conditions.

In August, the State filed a motion to adjudicate Appellant's guilt, alleging that Appellant violated the terms and conditions of her community supervision.  In the motion, the State alleged that Appellant violated her community supervision by committing two new offenses, leaving

---

[1] *See* TEX. PENAL CODE ANN. § 28.02(d) (West 2019).

1

Smith County without permission, and failing to submit to a urinalysis as required. In September, Appellant appeared before the trial court for a hearing on the State's motion to adjudicate. The State abandoned the allegations that Appellant committed two new offenses, and Appellant entered pleas of "true" to the allegations that she left Smith County without permission and failed to submit to a urinalysis test. The trial court found the remaining allegations "true," proceeded to a final adjudication of guilt, and sentenced Appellant to ten years of imprisonment. This appeal followed.

## COURT COSTS

In one issue, Appellant argues that the trial court assessed a "time payment fee," previously authorized by Texas Local Government Code Section 133.103, which is unconstitutional and a "specialty court" fee which is not authorized by statute in this case.[2] The State argues that both fees should be struck from the judgment because the time payment fee was prematurely assessed and the specialty court fee is inapplicable to Appellant's case because she committed the offense before the effective date of the statute imposing the specialty court fee. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(West 2021).

The judgment in this case reflects that Appellant owes $316.50 in court costs. The order to withdraw funds and the bill of costs reflect the same amount. The itemized bill of costs reflects that a $15 time payment fee is included in the total amount due.[3] Recently, the court of criminal appeals held that the pendency of an appeal "stops the clock" for the purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, any assessment of the time payment fee in Appellant's case would be premature and should be struck in its entirety, without prejudice to it being assessed later if, more than thirty days after the

---

[2] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See **Ovalle v. State***, 592 S.W.3d 615, 617 n.1 (Tex. App.—Dallas 2020), *judgment vacated on other grounds*, ***Ovalle v. State***, No. PD-0127-20, 2021 WL 1938672, at *1 (Tex. Crim. App. May 12, 2021) (per curiam).

[3] It appears the trial court improperly assessed the new $15 time payment fee instead of the $25 payment fee applicable to Appellant's case. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, §§ 2.54, 5.01, 2019 Tex. Sess. Law Serv. Ch. 1352; TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2021).

issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that she owes.[4]  ***Id.***

The specialty court fee is authorized by Chapter 134 of the Texas Local Government Code and applies only to defendants who are convicted of offenses committed on or after January 1, 2020.  *See* TEX. LOC. GOV'T CODE ANN. § 134.101 (a), (b) (6).  This section, entitled "Local Consolidated Fee on Conviction of Felony," assesses a $105 fee for persons convicted of felonies.  ***Id.*** § 134.101(a).  That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district technology fund, and the county specialty court account.  ***Id.*** § 134.101(b).  The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40 clerk of court, $4 county and district court technology fund, $1 county jury fund, $25 county records management and preservation fund, $10 courthouse security fund, and $25 county specialty court account.  These total $105 in costs.  Per the statute's effective date, Appellant is not obligated to pay the local consolidated fee on conviction of a felony.  ***Hayes v. State***, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication).  Accordingly, we will modify the trial court's judgment and order to withdraw funds to delete these fees.  *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).  We sustain Appellant's sole issue.

### DISPOSITION

Having sustained Appellant's sole issue, we modify the trial court's judgment and attached order to withdraw funds to reflect Appellant's court costs are $196.50 by deleting the time payment fee, without prejudice to its assessment at a later date if Appellant does not timely pay her court costs, and the local consolidated fee on conviction of a felony. We ***affirm*** the trial court's judgment as ***modified***.

---

[4] The United States Supreme Court and the Texas Court of Criminal Appeals have recognized the desirability of avoiding the adjudication of constitutional issues when at all possible.  ***Clinton v. Jones***, 520 U.S. 681,690, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); ***Pena v. State***, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). Whether the time payment fee will be reimposed later is speculative at this point because Appellant could avoid the statutory conditions for imposing the fee by choosing to pay her monetary obligations on time.  Moreover, there is an available statutory remedy to challenge the time payment fee, if it is ever imposed.  *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2018); *see also **Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 5, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 5, 2022**

**NO. 12-20-00236-CR**

**AMBER LEIGH MCGEHEE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0197-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the time payment fee, without prejudice to its assessment at a later date if Appellant does not timely pay her court costs, and the local consolidated fee on conviction of a felony; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*