# NO. 12-21-00061-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER CEMOND FRATER,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Cemond Frater appeals his conviction for injury to an elderly individual. In one issue, Appellant argues that the assessed court costs erroneously include the local consolidated fee on conviction of a felony in the amount of $105.00. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with injury to an elderly individual by intentionally and knowingly causing bodily injury to an individual sixty-five years or older, by striking her with his hand, a third degree felony.[1] The indictment also included two felony enhancement paragraphs. Appellant pleaded "not guilty," and the case proceeded to a jury trial. After the trial, the jury found Appellant "guilty" of injury to an elderly individual as charged in the indictment.

At the sentencing hearing, Appellant pleaded "true" to both felony enhancement paragraphs. After the punishment hearing, the trial court found both felony enhancement paragraphs to be "true," and assessed Appellant's punishment at fifty years of imprisonment.[2]

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West 2019).

[2] *See id*. § 12.42(d) (West 2019). If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses,

The judgment, bill of costs, and Order to Withdraw Funds show that Appellant was assessed $251.50 in court costs. This appeal followed.

**COURT COSTS**

In one issue, Appellant argues that the assessed court costs erroneously included the local consolidated fee on conviction of a felony in the amount of $105.00, and the judgment must be modified. The State concedes error and requests this Court modify the judgment and Order to Withdraw Funds to delete the fee.

**Standard of Review and Applicable Law**

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389-90 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Id.* at 391. When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018).

**Analysis**

The date of Appellant's charged offense is July 25, 2019. The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021). Section 134.101 assesses an additional $105.00 fee for persons convicted of felonies. *Id.* § 134.101(a). That $105.00 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b).

---

and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for imprisonment for life, or for any term of not more than ninety-nine years or less than twenty-five years. *See id.*

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 for the clerk of the court, $4.00 for the county and district court technology fund, $1.00 for the county jury fund, $25.00 for the county records management and preservation, $25.00 for the county specialty court account, and $10.00 for the courthouse security fund. These fees total $105.00. Pursuant to the statute's effective date, Appellant is not obligated to pay the Local Consolidated Fee on Conviction of Felony. *See Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler April 14, 2021, no pet. h.) (mem. op., not designated for publication). Accordingly, we will modify the trial court's judgment, bill of costs, and Order to Withdraw Funds to delete these fees. *See Sturdivant v. State*, 445 S.W.3d 435, 443 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We sustain Appellant's sole issue.

### DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment, bill of costs, and Order to Withdraw Funds to reflect that the Appellant's court costs are $146.50 by deleting the Local Consolidated Fee on Conviction of Felony. We *affirm* the judgment as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-21-00061-CR**

**CHRISTOPHER CEMOND FRATER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1523-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, bill of costs, and Order to Withdraw Funds of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, bill of costs, and Order to Withdraw Funds of the court below be **modified** to reflect that the Appellant's court costs are $146.50 by deleting the Local Consolidated Fee on Conviction of Felony; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*