# NO. 12-21-00085-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL WAYNE FRY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Wayne Fry appeals his conviction for aggravated assault of a public servant. In a single issue, he contends the trial court erred by imposing certain court costs. We modify and affirm as modified.

## BACKGROUND

In May 2020, Appellant was indicted for the offense of aggravated assault against a public servant allegedly occurring on March 19, 2020.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. The jury found Appellant "guilty" as charged in the indictment and found that he used or exhibited a deadly weapon. The jury also assessed punishment at life in prison and a $10,000 fine. This appeal followed.

## COURT COSTS

In his sole issue, Appellant urges the trial court improperly assessed certain court costs in its judgment. Specifically, he argues the trial court erroneously assessed costs for the county and state "judicial support fee" and "records management & preservation fee." The State concedes the error.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(b)(2)(B) (West Supp. 2021).

**Standard of Review and Applicable Law**

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389-90 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Id.* at 391. When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018).

**Analysis**

The judgment, bill of costs, and Order to Withdraw Funds show that Appellant was assessed $251.50 in court costs. This includes the following fees: $0.60 for the "Judicial Support Fee – (County)," $5.40 for the "Judicial Support Fee – (State)," and $2.50 for the "Records Management & Preservation Fee." These costs were authorized under former Section 133.105 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 133.105(a) (West 2019), *repealed by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(12), 2019 Tex. Sess. Law Serv. 3982 (eff. Jan. 1, 2020). During its 86th Regular Session, the Texas Legislature comprehensively revised the statutory array of criminal court costs and fees imposed on conviction (the Act). *See generally* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Sess. Law Serv. 3982 (eff. Jan. 1, 2020). Yet, "[e]xcept as otherwise provided by" the Act, "the changes in the law made by" the Act "apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of" the Act, that is January 1, 2020. Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Sess. Law Serv. 3982, 4035–36. An offense committed before the Act's effective date "is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose." *Id.*

Appellant's offense was alleged to be March 19, 2020. Therefore, the former Section 133.105(a) does not apply. Accordingly, we will modify the trial court's judgment, bill of costs,

and Order to Withdraw Funds to delete these fees. *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). We sustain Appellant's sole issue.[2]

**DISPOSITION**

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment, bill of costs, and Order to Withdraw Funds to reflect that Appellant's court costs are $243 by deleting the "Judicial Support Fee – (County)," "Judicial Support Fee – (State)," and "Records Management & Preservation Fee." We ***affirm*** the judgment as modified.

**BRIAN HOYLE**
Justice

Opinion delivered March 9, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] We note that the bill of costs includes the Local Consolidated Fee on Conviction of Felony authorized by Section 134.101, which apparently replaced former Section 133.105. *See* TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 9, 2022**

**NO. 12-21-00085-CR**

**MICHAEL WAYNE FRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0835-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, bill of costs, and Order to Withdraw Funds of the court below be **modified** to reflect that Appellant's court costs are $243 by deleting the "Judicial Support Fee – (County)," "Judicial Support Fee – (State)," and "Records Management & Preservation Fee"; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*