# NO. 12-21-00171-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANK SCOTT LANDEN,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Frank Scott Landen appeals his conviction for possession of a controlled substance in an amount of less than one gram. In one issue, Appellant argues that the assessed court costs erroneously include the local consolidated fee on conviction of a felony in the amount of $105.00. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely, methamphetamine, in an amount of less than one gram, a state jail felony.[1] Appellant pleaded "guilty," and Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation of evidence in which he stipulated, and judicially confessed, that he committed each and every element alleged in the indictment and that he was guilty as charged. The trial court accepted Appellant's plea, found the evidence substantiated his guilty plea, and adjudged Appellant "guilty" of possession of a controlled substance as set forth in the indictment. However, Appellant elected for the jury to determine punishment. After the punishment hearing, the jury assessed Appellant's punishment at twenty-four months

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. art. 481.115(a), (b) (West Supp. 2021).

confinement in a state jail facility.[2] The judgment, bill of costs, and Order to Withdraw Funds show that Appellant was assessed $249.00 in court costs. This appeal followed.

## COURT COSTS

In one issue, Appellant argues that the assessed court costs erroneously included the local consolidated fee on conviction of a felony in the amount of $105.00, and the judgment must be modified.

### Standard of Review and Applicable Law

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia* evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 389-90 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *Id.* at 391. When a trial court improperly includes amounts in assessed court costs, the proper appellate remedy is to reform the judgment to delete the improper fees. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Court costs may not be assessed against a criminal defendant for which a cost is not expressly provided by law. *See* TEX. CODE CRIM. PROC. ANN. art. 103.002 (West 2018).

### Analysis

The date of Appellant's charged offense is May 8, 2019. The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. TEX. LOC. GOV'T CODE ANN. § 134.101 (West 2021). Section 134.101 assesses an additional $105.00 fee for persons convicted of felonies. *Id.* § 134.101(a). That $105.00 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b).

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 for the clerk of the court, $4.00 for the county and district court

---

[2] *See* TEX. PENAL CODE ANN. § 12.35(a), (b) (West 2019). An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail facility for any term of not more than two years or less than one hundred and eighty days and, in addition, a fine not to exceed $10,000.00. *See id.*

technology fund, $1.00 for the county jury fund, $25.00 for the county records management and preservation, $25.00 for the county specialty court account, and $10.00 for the courthouse security fund. These fees total $105.00. Pursuant to the statute's effective date, Appellant is not obligated to pay the Local Consolidated Fee on Conviction of Felony. *See **Hayes v. State***, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler April 14, 2021, no pet.) (mem. op., not designated for publication). Accordingly, we will modify the trial court's judgment, bill of costs, and Order to Withdraw Funds to delete these fees. *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we ***modify*** the trial court's judgment, bill of costs, and Order to Withdraw Funds to reflect that the Appellant's court costs are $144.00 by deleting the Local Consolidated Fee on Conviction of Felony. We ***affirm*** the judgment as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2022**

**NO. 12-21-00171-CR**

**FRANK SCOTT LANDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0424-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, bill of costs, and Order to Withdraw Funds of the court below be **modified** to reflect that the Appellant's court costs are $144.00 by deleting the Local Consolidated Fee on Conviction of Felony; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*