# NO. 12-21-00084-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN CHARLES RICHARD, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justin Charles Richard appeals his conviction for driving while intoxicated, third offense or more. In two issues, Appellant argues that the EMS Trauma Fund fee and the "time payment" fee assessed as court costs are improper because both fees are unconstitutional. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with driving while intoxicated,[1] third offense or more, a third degree felony.[2] The indictment included a jurisdictional paragraph in which it was alleged that Appellant had two previous convictions of driving while intoxicated. Appellant pleaded "guilty." Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which he stipulated, and judicially confessed, that each and every allegation in the indictment was true and correct, and constituted the evidence in the case. He also pleaded "true" to the jurisdictional paragraph. The trial court accepted Appellant's plea, found the jurisdictional

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2021).

[2] *See id.* § 49.09(b)(2) (West Supp. 2021). An offense under Section 49.04 is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated. *See id.*

paragraph to be "true," found the evidence substantiated his guilty plea, and adjudged Appellant guilty of driving while intoxicated, third offense or more. Consequently, the trial court assessed Appellant's punishment at ten years imprisonment. However, the court ordered that Appellant's sentence be suspended and that he be placed on community supervision for five years.

Later, the State filed a motion to revoke community supervision, alleging that Appellant violated the terms of his community supervision by committing the offense of possession of a controlled substance, to wit, methamphetamine and marijuana, and failing to pay a monthly urinalysis fee. At the hearing on the State's motions, Appellant pleaded "true" to the four State's allegations that had not been abandoned. The trial court found it "true" that Appellant violated the terms of his community supervision, granted the State's motion to revoke community supervision, revoked Appellant's community supervision, and assessed Appellant's punishment at eight years of imprisonment.[3] The trial court also ordered Appellant to pay all court costs in the amount of $414.00. The bill of costs included a "time payment" fee in the amount of $25.00. This appeal followed.

## COURT COSTS

In his first issue, Appellant argues that the $100.00 EMS/Trauma Fund fee is facially unconstitutional because the statute (or an interconnected statute) does not direct the funds collected to be used for a legitimate criminal justice purpose.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

---

[3] An individual adjudged guilty of a third degree felony shall be punished by imprisonment for any term of not more than ten years or less than two years and, in addition, a fine not to exceed $10,000.00. *See id.* § 12.34 (West 2019).

But where an appellant fails to file a notice of appeal within thirty days of being placed on community supervision, an appeal raising issues about the propriety of court costs after final adjudication is not timely with respect to the court costs assessed in the judgment placing appellant on community supervision. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to court appointed attorney fees as court costs by failing to bring direct appeal from order originally imposing community supervision); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *accord Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (emphasizing that procedural default premised on an appellant's knowledge of and failure to challenge issue in appeal of community supervision order).

## Analysis

In response to Appellant's first issue, the State contends that Appellant forfeited the issue by his failure to raise it timely. Based on our review of the record, Appellant agreed, as a condition of community supervision, to pay all court costs. In its Judgment of Conviction placing Appellant on community supervision, the trial court assessed court costs in the amount of $389.00. The record also contains a certified bill of costs, which lists the total costs following the trial court's Judgment Revoking Probation at $414.00. The twenty-five dollar difference between the costs assessed in conjunction with the trial court's Judgment of Conviction placing Appellant on community supervision and the bill of costs appears to stem from the "time payment" fee, which Appellant challenges in his second issue on appeal. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

At the time of the charged offense on August 15, 2018, the version of Article 102.0185(a) of the Texas Code of Criminal Procedure, entitled "Additional Costs attendant to Intoxication Convictions: Emergency Medical Services, Trauma Facilities, and Trauma Care Systems," imposed an additional $100.00 court cost upon conviction for an intoxication offense under Chapter 49 of the Texas Penal Code to be allocated for emergency medical services, trauma facilities, and trauma care systems. Act of June 1, 2003, 78th Leg., R.S., ch. 1213, § 4, 2003 TEX. SESS. LAW SERV. Ch. 1213, *amended by* Act of May 5, 2011, 82nd Leg., R.S., ch. 91, § 6.007, 2011 TEX. SESS. LAW SERV. Ch. 91. This statute was again amended in 2019. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.38, 2019 TEX. SESS. LAW. SERV. Ch. 1352, current

version at TEX. CODE CRIM. PROC. ANN. art. 102.0185. Based on the Court of Criminal Appeals' reasoning in ***Salinas v. State***, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017), several courts have found that former Article 102.0185 did not "explicitly direct that the court cost collected be used for a criminal-justice purpose," and was thus facially unconstitutional. *See **Richardson v. State***, 606 S.W.3d 375, 385 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); ***Casas v. State***, 524 S.W.3d 921, 927 (Tex. App.—Fort Worth 2017, no pet.).

However, similar to ***Perez***, Appellant failed to file a notice of appeal within thirty days of being placed on community supervision. *See **Perez***, 424 S.W.3d at 85; *see **Wiley***, 410 S.W.3d at 318-19. He also specifically waived his right to appeal when he was placed on community supervision by signing a document entitled "Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal." *See **Perez***, 424 S.W.3d at 85. Appellant signed an acknowledgment of receipt of a copy of the trial court's certification of his right to appeal, which denoted that this "is a plea-bargain case, and the defendant has no right to appeal," and that Appellant "has waived the right to appeal." *See **id.*** These documents were all signed on April 4, 2019, the same date that the Judgement of Conviction was signed and entered. *See **id.*** That Judgment of Conviction included the challenged assessment of EMS/Trauma Fund fee later delineated in the bill of costs, or $100.00. Thus, Appellant, at the time of the original Judgment on Conviction, could have appealed the imposition of these fees. *See **id.*** at 86. Any and all complaints about the imposition of the EMS/Trauma fund fee could, and should, have been made in a timely appeal of the Judgment of Conviction. *See **id.*** However, Appellant did not appeal this fee after the Judgment of Conviction and, thus, waived his right to appeal the imposition of those court costs. *See **id.*** at 85-86.

We note that this procedural default is premised on an appellant's knowledge of, and failure to challenge, an issue. *See **Riles***, 452 S.W.3d at 337. The record in this case reflects that Appellant acknowledged the obligation to pay the EMS/Trauma Fund fee. In the conditions of community supervision, which he signed on the date of the Judgment of Conviction, he was obligated to "[p]ay all court cost[s]," at the rate of $20.00 each month beginning thirty days after treatment. It appears undisputed that the bill of costs was not attached to the Judgment of Conviction and, according to ***Riles***, Appellant should have taken "pause" at that. *See **id.*** With his signature on the conditions of community supervision, Appellant expressly acknowledged having read and understood the stipulations of his community supervision. *See **id.***

Based on the foregoing, we conclude that any complaints about the imposition of the $389.00 in court costs ordered in conjunction with the trial court's Judgment of Conviction, which includes the $100.00 EMS/Trauma Fund fee, could and should have been made in a timely appeal of that judgment. *See Perez*, 424 S.W.3d at 86. Appellant's failure to do so constituted a procedural default. *See id.* (citing *Wiley*, 410 S.W.3d at 320). Thus, he waived his right to appeal the imposition of the $100.00 EMS/Trauma Fund fee after the Judgment Revoking Probation. Appellant's first issue is overruled.

## TIME PAYMENT FEE

In his second issue, Appellant contends that the inclusion of the "time payment" fee in the bill of costs is improper because it has been held unconstitutional. The State concedes that the assessment of a "time payment" fee should be removed from the bill of costs because it is premature.

Several courts, including this one, have held subsections (b) and (d) of Section 133.103 unconstitutional. *See, e.g., Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020), *vacated*, 2021 WL 1940593 (Tex. Crim. App. May 12, 2021); *Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020), *vacated*, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated*, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated*, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021). However, the Court of Criminal Appeals recently held that the pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin*, 620 S.W.3d at 133.

Fines are punitive and intended to be part of the convicted defendant's sentence. *See Armstrong*, 340 S.W.3d at 767. Court costs, however, are "compensatory in nature" and are "a non-punitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.*; *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016), *pet. dism'd, improvidently granted*, 2017 WL 1493488 (Tex. Crim App. 2017).

Here, the Judgment Revoking Probation reflects that the trial court assessed $414.00 in court costs. The judgment includes a document identified as "Order to Withdraw Funds," which states that Appellant incurred "[c]ourt costs, fees, fines and/or restitution" in the amount of $414.00. The certified bill of costs itemizes the court costs imposed, which total $414.00 with a

5

$414.00 balance remaining. The bill of costs includes a $25.00 time payment fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st day after the date the judgment assessing the court costs is entered.[4] *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c) redesignated as TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2021) (treasurer shall deposit fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

As previously stated, the Texas Court of Criminal Appeals recently explained that the pendency of an appeal stops the clock for purposes of the time payment fee. ***Dulin***, 620 S.W.3d at 133. Consequently, the assessment of the time payment fee in Appellant's case is premature, and the fee should be struck in its entirety, without prejudice to being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay his court costs. *See **id.***

The proper remedy when a trial court erroneously includes amounts as court costs is to modify the judgment to delete erroneous amounts. *See **Sturdivant v. State***, 445 S.W.3d 435, 443 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Accordingly, we modify the trial court's Judgment Revoking Probation, attached order to withdraw funds, and bill of costs to reflect the appropriate assessment of court costs that do not include the time payment fee. *See **Dulin,*** 620 S.W.3d at 133. Appellant's second issue is sustained.

<u>**DISPOSITION**</u>

Having sustained Appellant's second issue, we ***modify*** the trial court's Judgment Revoking Probation, order to withdraw funds, and the bill of costs to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs he owes in this case. *See* TEX. R. APP. P. 43.2(b). Having overruled Appellant's first issue, we ***affirm*** the trial court's judgment as ***modified***.

---

[4] The bill of costs contains a chart describing each fee and listing the "fee code," as well as the amount of the fee and the balance due. The bill of costs includes the $25.00 "time payment" fee, but not the $15.00 "additional time payment fee" referenced in the paragraph below the chart.

**BRIAN HOYLE**
Justice

Opinion delivered March 23, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 23, 2022**

**NO. 12-21-00084-CR**

**JUSTIN CHARLES RICHARD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0053-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the Judgment Revoking Probation, order to withdraw funds, and the bill of costs be **modified** to remove the time payment fee, without prejudice to the fee being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the court costs he owes in this case of the court below; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*